# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS
### No. 19-1245V
UNPUBLISHED

|  |  |
|---|---|
| JENNIFER RILEY, <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Chief Special Master Corcoran <br><br> Filed: June 10, 2021 <br><br> Special Processing Unit (SPU); Ruling on Entitlement; Concession; Causation-In-Fact; Influenza (Flu) Vaccine; Axillary Nerve Injury |

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA, for petitioner.*

*Colleen Clemons Hartley, U.S. Department of Justice, Washington, DC, for respondent.*

## RULING ON ENTITLEMENT[1]

On August 21, 2019, Jennifer Riley filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration (SIRVA) as a result of receiving the influenza (flu) vaccination on October 11, 2017. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On June 2, 2021, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Respondent concluded that Petitioner's left axillary nerve injury was caused-in-fact by the flu vaccine she received on October 11, 2017. *Id.* at 4. Specifically, Respondent "did not

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

identify any other causes for [P]etitioner's left axillary nerve injury" and "records show that she suffered the sequela of her injury for more than six months after vaccination." *Id.* at 4-5. Respondent noted that he does not believe "[P]etitioner's presentation meets the definition of SIRVA as outlined by the Vaccine Injury Table because another condition or abnormality is present that would explain the patient's symptoms – namely, the left axillary nerve injury, and defends the same." *Id.* at 4, n.1 citing 42 C.F.R. § 100.3(a). Respondent also noted that his concession does not include any symptoms ultimately found to be associated with a cervical cord condition or any condition other than a left axillary nerve injury." *Id.* at 5.

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master